# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD JOLLY <br> 2129 N ST. NW <br> WASHINGTON, DC 20037 <br> <br> AMIR ZIAGHAM <br> 1800 N Oak Street, Apt. 412 <br> Arlington, VA 22209 <br> <br> ***On Behalf of Themselves and All Other Similarly Situated Individuals*** <br> <br> PLAINTIFFS, <br> <br> v. <br> <br> KNIGHTSBRIDGE MANAGEMENT, INC. D/B/A KNIGHTSBRIDGE RESTAURANT GROUP <br> 631 D St NW, #127 Suite 127 <br> Washington, D.C. 20004 <br> <br> Serve: Ashok Bajaj <br> 631 D St NW, #127 Suite 127 <br> Washington, D.C. 20004 <br> <br> RASIKA WEST END, LLC <br> 1190 New Hampshire Ave NW <br> Washington, DC 20037 <br> <br> Serve: Ashok Bajaj <br> 631 D St NW, #127 Suite 127 <br> Washington, D.C. 20004 <br> <br> ASHOK BAJAJ <br> 4730 Foxhall Cres NW <br> Washington, DC <br> <br> DEFENDANTS. | Case No.: 1:21-cv-2163 <br> <br> <br> **Jury Trial Requested** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, Ronald Jolly and Amir Ziagham, by and through undersigned counsel, Michael K. Amster, Esquire and the law firm of Zipin, Amster and Greenberg, LLC, individually and on behalf of all other similarly situated individuals, hereby file this Class and Collective Action Complaint against Defendants Knightsbridge Management, Inc. d/b/a Knightsbridge Restaurant Group, Rasika West End, LLC and Ashok Bajaj (collectively "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the District of Columbia Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-301 et seq. ("DCWPCL"), as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff Ronald Jolly is an adult resident of the District of Columbia. By participating as a named Plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA.

2. Plaintiff Amir Ziagham is an adult resident of the Commonwealth of Virginia. By participating as a named Plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA.

3. Rasika West End, LLC is a D.C. corporation doing business in the District of Columbia. Rasika West End, LLC operates as a large, upscale, Indian restaurant located at 1190 New Hampshire Ave NW, Washington, DC 20037.

4. Knightsbridge Management, Inc. is a D.C. corporation doing business in the District of Columbia. Knightsbridge Management, Inc. does business as Knightsbridge Restaurant Group, which consists of Annabelle, Modena, Bombay Club, Bindass Cleveland Park, Bindass

Foggy Bottom, La Bise, Rasika, and Rasika West End.

5. Knightsbridge Management, Inc. is the parent company and/or joint venture of each of the Knightsbridge Restaurants. Knightsbridge Restaurant Groups is, upon information and belief, responsible for the employment policies and payroll administration of the Knightsbridge Restaurants.

6. Ashok Bajaj owns and operates Knightsbridge Management, Inc. and Rasika West End, LLC.

7. Ronald Jolly was employed by Defendants in the District of Columbia as a Bar Tender. Amir Ziagham was employed by Defendants in the District of Columbia as a server.

8. At all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

9. At all times during Plaintiffs' employment, Plaintiffs were employees who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials (namely food, drinks, cleaning supplies, and other related items) that were moved in or produced for commerce.

10. At all times, Defendants were Plaintiffs' "employers" for purposes of the FLSA, the DCMWA, and the DCWPCL.

11. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

12. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative fact as the FLSA claims.

13. All alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

14. On July 29, 2021, the Plaintiffs and Defendants entered into a tolling agreement. This agreement tolled all statutes of limitation for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201. *et seq.*, the D.C. Minimum Wage Act, D.C. Code §§ 32-1001, *et seq.*, and the D.C. Payment and Collection of Wages Act, D.C. Code §§ 32-1301, *et seq.* "on a class and collective-wide basis," from March 25, 2021 until August 13, 2021.

## FACTS CONCERNING NAMED PLAINTIFFS

15. Ronald Jolly worked for Defendants from approximately February 2017 until December 2020 as a Bar Tender. Mr. Jolly worked on average, approximately forty-five (45) hours per week.

16. During the relevant period, Defendants paid Mr. Jolly roughly $5.25 per hour.

17. At all times during the relevant period, Mr. Jolly's regular rate fell below the FLSA and the D.C. Minimum Wage. While Mr. Jolly did receive tips, these tips did and do not legally off-set Defendants' obligations to pay him minimum wages.

18. Mr. Jolly's primary work duties did not qualify for any exemption under the FLSA, DCMWA, or the DCWPCL.

19. Amir Ziagham worked for Defendants from approximately March 2014 until December 2019 as a server - except that he did not work for roughly 3 months in 2018. Mr. Zaigham worked on average, approximately forty hours per week.

20. Defendants paid Mr. Ziagham between $2.77 and $4.45 per hour for the hours he worked as a waiter.

4

21. At all times during the relevant period, Mr. Ziagham's regular rate fell below the minimum wage set by the FLSA and D.C. Minimum Wage Act. While Mr. Ziagham did receive tips, these tips do and did not legally off-set Defendants' obligations to pay him minimum wages.

22. Mr. Ziagham's primary work duties did not qualify for any exemption under the FLSA, DCMWA, or DCWPCL.

## FACTUAL ALLEGATIONS COMMON TO CLASS AND COLLECTIVE

23. Plaintiffs work as tipped employees of Defendants.

24. Defendants paid Plaintiffs and other tipped employees less than the minimum wage set forth in the FLSA and DCMWA. Defendants did not qualify for any tip credit to offset of their minimum wage obligations.

25. Defendants made substantial and ongoing deductions to tipped employees' tips. Defendants deducted 10% for food runners, 15% for bussers, and 5% for bar backs.

26. In addition to these deductions, Defendants deducted certain "fixed amounts" of tips for various jobs that were not customer facing.

27. For example, during each shift, Knightsbridge assigned an employee to polish dishes and silverware and then required tipped employees to pay those employees for that work.

28. Additionally, Defendants would automatically deduct $0.76 from each tipped employee for each shift they worked to pay for the restaurant's use of a Gratshare application. In doing so, Defendants were unlawfully passing on its overhead costs of using the Gratshare application to its tipped employees.

29. Therefore, Defendants failed to allow Plaintiffs and other tipped employees to retain all gratuities they received.

30. Additionally, Knightsbridge violated "tip credit" requirements by failing to provide

5

tipped employees with the statutorily required notice required by the DCMWA.

31. For example, in addition to paying the food runners, bussers and barbacks a percentage of tips, Defendants deducted various additional amounts from employees' tips. Defendants would frequently change these fixed amounts and failed to notify tipped employees where these tips were going.

32. Additionally, Defendants failed to provide its tipped employees the notice required by D.C. Code § 32-1008 "at the time of hiring."

33. Defendant, Ashok Bajaj owned and operated Knightsbridge Management, Inc. and Rasika West End, LLC at all times during the relevant period. As the owner and operator, Ashok Bajaj:

   a. Had the power to hire, fire, suspend, and otherwise discipline Plaintiffs. Indeed, Mr. Bajaj was the person that actually hired and terminated Mr. Ziagham.

   b. Had the power to supervise Plaintiffs' work duties to ensure their work was of sufficient quality. Mr. Bajaj was frequently at the restaurant observing and supervising the employees.

   c. Set and controlled Plaintiffs' work schedule or had the power to set and control Plaintiffs' work schedule.

   d. Set and determined or had the power to set and determine Plaintiffs' rate and method of pay.

   e. Maintained Knightsbridge Management, Inc. and Rasika West End, LLC's employment records. And

   f. Controlled, and was in charge of, Knightsbridge Management, Inc. and Rasika West End, LLC day-to-day operations.

34. Defendants' failure and refusal to pay Plaintiffs, and the putative class, the wages they rightfully earned as required by the FLSA, DCMWA, and DCWPCL, including minimum wages, was willful and intentional. There was no objective good faith in these violations.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiffs bring their claims as a collective action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308, on behalf of themselves and all similarly situated employees.

36. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs.

37. Plaintiffs request each be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308.

38. Pursuant to 29 U.S.C. § 216(b), by acting as the named plaintiffs in this action, each named Plaintiff affirmatively consents in writing to be a plaintiff and to recover unpaid wages and damages sought in this action.

## DCMWA/DCWPCL CLASS ACTION ALLEGATIONS

39. Plaintiffs bring their counts for violations of the DCMWA and DCWPCL as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and D.C. Code § 32-1308, on behalf of themselves and all similarly situated employees, for relief to redress and remedy Defendants' violations of the DCMWA and DCWPCL.

40. Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Plaintiffs.

41. Numerosity: The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiffs at this time, upon

information and belief, the class comprises at least fifty (50) individuals.

42.  Common Questions Predominate: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that all Plaintiffs have been harmed by Defendants' failure to provide Plaintiffs minimum wages; and notice pursuant to D.C. Code § 32-1003 and D.C. Code § 32-1008. Additionally, Defendants did not allow all gratuities received by the Plaintiffs to be retained by the employee, in violation of D.C. Code § 32-1003 (g)(3).

43.  The common questions of law and fact include, but are not limited to, the following:

   a. Whether Defendants provided proper notice to Plaintiffs such that Defendants were entitled to offset their minimum wage obligations with tips Plaintiffs received;

   b. Whether Defendants allowed Plaintiffs to retain all gratuities received in compliance with D.C. Code § 32-1003 (g)(3), such that Defendants were entitled to offset their minimum wage obligations with tips Plaintiffs received.

44.  Typicality: The claims of Plaintiffs are typical of the claims of each proposed class member, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions.

45.  All putative class members were subject to the same compensation practices of Defendants, as alleged herein.

46.  Defendants' compensation policies and practices affected all putative class members similarly.

47. Plaintiffs and the Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures perpetrated by Defendants.

48. Adequacy of Representation: Plaintiffs individually and collectively are able to fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between any of the Plaintiffs and members of the proposed class.

49. Plaintiffs have retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

50. Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

51. Further, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are

not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

52. Public Policy Considerations: Defendants violated the District of Columbia wage and hour laws. Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action lawsuits provide class members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks.

## PROPOSED CLASS AND COLLECTIVE

53. The Proposed Class and Collective: all tipped employees (*i.e.* bussers, servers, and bartenders) who worked for Defendants during the last three years and who were paid below the minimum wage.

54. All putative members are readily identifiable from information and records in the possession and control of the Defendants.

55. The number of hours worked and the rate of each of those hours is set forth in the paystubs of each Plaintiff and similarly situated tipped employee.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

56. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each

10

were set forth herein.

57.     The FLSA mandates that an employer must pay employees a minimum wage in the amount of $7.25 per hour for all hours worked each week.

58.     At all times relevant, Plaintiffs were "employees" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiffs' "employers" under § 207(a)(2) of the FLSA.

59.     Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the minimum wage.

60.     As set forth above, Defendants failed and refused to pay Plaintiffs the minimum wage for all hours worked.

61.     Defendants' failure and refusal to pay Plaintiffs as required by the FLSA, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count I for all unpaid minimum wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime and Minimum Wage)

62.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

63.     Plaintiffs were Defendants' "employees," and Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

64.     Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at an hourly rate in compliance with the D.C. minimum wage requirement set forth in the DCMWA.

11

65. As set forth above, Defendants failed to pay Plaintiffs at an hourly rate that complies with the D.C. minimum wage requirement and Defendants were not entitled to any tip-credit which would offset their minimum wage obligations.

66. There was no objective good faith basis for Defendants' failure and refusal to pay Plaintiffs as required by the DCMWA.

67. Additionally, Defendants have not promptly paid Plaintiffs for all wages due.

WHEREFORE, Defendants are liable to Plaintiffs under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of the D.C. Wage Payment and Wage Collection Law
### (Unpaid Wages)

68. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

69. Plaintiffs were "employees" and Defendants were Plaintiffs' "employers" within the meaning of the DCWPCL.

70. Under the DCWPCL, Defendants were obligated to pay Plaintiffs all wages earned and owed for work that Plaintiff performed.

71. "Wages" pursuant to DCWPCL (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

72. Plaintiffs performed work duties for Defendants' benefit as set forth above for

12

which Defendants failed to pay Plaintiffs all wages earned and required by Federal and District of Columbia law.

73. In addition to failing to properly pay Plaintiffs minimum wages, Defendants wrongfully withheld tips and other income that was rightfully Plaintiffs.

74. Defendants owe Plaintiffs wages for work duties performed as set forth above.

75. Defendants' failure to pay Plaintiffs wages, as set forth above, constitutes a violation of Plaintiffs' right to receive wages as guaranteed by the DCWPCL.

WHEREFORE, Defendants are liable to Plaintiffs under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (treble damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## RELIEF SOUGHT

WHEREFORE, Named Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court:

76. Issue an Order certifying this action as a collective action under the FLSA and D.C. Code § 32-1308, and designate the Plaintiffs as representatives of all those similarly situated under the collective action;

77. Issue an Order certifying this action as a class action under the DCMWA and DCWPCL, and designate the Plaintiffs as representatives on behalf of all those similarly situated under the DCMWA and DCWPCL classes;

78. Award Plaintiffs and all those similarly situated actual damages for all unpaid wages found due to Plaintiffs and those similarly situated and statutory plus an award of statutory damages as provided by the FLSA, DCMWA, and DCWPCL;

79. Award Plaintiffs and all those similarly situated pre- and post-judgment interest at the statutory rate;

80. Award Plaintiffs and all those similarly situated attorneys' fees, costs, and disbursements calculated at *Salazar* Index Rates; and

81. Award Plaintiffs and all those similarly situated further legal equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through undersigned counsel, respectfully request a jury trial on all issues so triable.

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiffs/
Putative Class Members*